**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT STARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-364-TCK-PJC |
| ) | |
| COMMERCE & INDUSTRY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 11).

**I.    Background**

Plaintiff originally brought this action in the District Court for Pawnee County, State of Oklahoma on March 18, 2009. In his Petition, Plaintiff alleges a single tort cause of action against Defendant, his insurer, for breach of Defendant's duty of good faith and fair dealing. Plaintiff alleges that Defendant breached such duty in its handling of Plaintiff's claim for benefits under a workers' compensation insurance policy by: (1) failing to pay Plaintiff certain "Medicare Set Aside benefits" to which he was entitled under an Order of the Oklahoma Workers' Compensation Court ("Order") and the relevant insurance policy; (2) withholding payment of benefits with knowledge that Plaintiff's claim was valid; (3) refusing to honor Plaintiff's claim and the Order without a legitimate reason for doing so; (4) unreasonably delaying payment of the Medicare Set Aside benefits without a reasonable basis; (5) refusing to pay Plaintiff's claim for reasons contrary to law and the Order; (6) intentionally and recklessly applying provisions of the relevant insurance policy, (7) using its unequal bargaining power for economic gain; (8) failing to adopt and implement reasonable standards for the prompt investigation and handling of claims; and (9) refusing to

communicate with Plaintiff regarding the claim and the Order. The Petition alleges that Plaintiff suffered "the loss of benefits, mental and emotional distress, anxiety, embarrassment and financial hardship, all of which are in excess of ten thousand dollars ($10,000.00)." (Pet. ¶ 19.) Plaintiff also seeks punitive damages in excess of $10,000.

On June 10, 2009, Defendant filed its Notice of Removal ("Removal Notice"), alleging that the Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff moved to remand, asserting two arguments: (1) the case is not removable pursuant to 28 U.S.C. § 1445(c) because the underlying action arises under workers' compensation laws; and (2) the Removal Notice fails to establish that the amount in controversy exceeds $75,000. For reasons explained below, Defendant has failed to meet its burden of proof regarding the amount in controversy, and the Court does not reach Plaintiff's other argument in favor of remand.

**II.     Standard**

A civil action is removable only if the plaintiff could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *See Basso v. Utah Power & Light, Co.*, 495 F.2d 906 (10th Cir. 1974). As such, the Court strictly construes the removal statute and, as a general matter, must resolve all doubts against removal. *See Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

The "amount in controversy" has been recently defined by the Tenth Circuit as "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "[T]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in

2

controversy exceeds [$75,000].'" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "Where the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of the alleged damages supported by the underlying facts." *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003); *see also* N.D. Okla. LCvR 81.3.

A defendant bears the burden of proving these "underlying facts" supporting the assertion that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See McPhail*, 529 F.3d at 955. The Tenth Circuit recently clarified that, although a defendant "must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it possible that $75,000 [is] in play," "[i]t is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy." *Id.* (adopting Seventh Circuit's reasoning in *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540-43 (7th Cir. 2006)).[1] Therefore, if a defendant proves the necessary jurisdictional facts by a preponderance of the evidence, any uncertainty about whether the plaintiff can prove his claim or whether damages will ultimately exceed the threshold amount does not justify dismissal or remand. *Id.* Instead, "once [] underlying

---

[1] Clarification was necessary because the Tenth Circuit previously had stated that a defendant must "establish the jurisdictional amount by a preponderance of the evidence." *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). In *McPhail*, the court explained that "[i]t would have been more precise to say [in *Martin*] that the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play, which the defendants in *Martin* failed to do." *See McPhail*, 529 F.3d at 955.

3

facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *Id.* at 954.

Recognizing the dilemma of proving jurisdictional facts "at a stage in the litigation when little actual evidence is yet available," the Tenth Circuit offered examples of means by which a defendant can satisfy its burden of proof "in the absence of an explicit demand for more than $75,000." *Id.* at 955. "First, the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *Id.* "Second, beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy – either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward." *Id.* at 956. The Tenth Circuit described the second method as "summary-judgment-type evidence." *Id.* "For example, where a defendant has allegedly breached a contract and the plaintiff seeks damages in an indeterminate amount, a defendant might support jurisdiction by attaching a copy of the contract, valued at more than $75,000, to the notice of removal." *Id.* Third, "a plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *Id.* These three examples provided by the Tenth Circuit are not the exclusive methods of proof. According to the Seventh Circuit's decision in *Meridian*, relied upon in *McPhail*, the "proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant)." *Meridian*, 529 F.3d at 541-42 (quoted with approval in *McPhail*).

This Court interprets *McPhail* to require a removing defendant to meet the initial hurdle of: (1) "'establish[ing] what the plaintiff stands to recover'" by providing a factually supported "'estimate'" of the total value of the plaintiff's claims; and (2) proving any "contested factual allegations that support the estimate" by a preponderance of the evidence. *McPhail*, 529 F.3d at 954 (quoting *Meridian*, 441 F.3d at 541-42). Then, "'the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.'" *Id.* (quoting *Meridian*, 441 F.3d at 542).[2]

## III. Analysis

In this case, Defendant relies solely on the allegations in the Petition as its proof regarding the amount in controversy. Specifically, the Removal Notice provides:

> Plaintiff has pled actual damages in excess of $10,000.00 and punitive damages in excess of $10,000.00 for reckless disregard of his rights. Under Oklahoma law for actions found by the jury to exhibit reckless disregard the jury has the discretion to award any amount up to $100,000 or the amount of Plaintiff [sic] actual damages whichever is greater. It is possible $100,000 is therefore in play and therefore the jurisdictional amount is proven.

(Removal Notice ¶ 6 (citations omitted).)

Defendant has failed to provide a factually supported estimate of the total value of Plaintiff's claims, such that the Court could conclude that $75,000 or more is potentially at stake in the litigation. Defendant's only evidence regarding the value of Plaintiff's claim is the mere existence of a claim for punitive damages. Oklahoma law allows recovery for punitive damages in an amount not to exceed the greater of $100,000 or the amount of actual bad-faith damages. *See* Okla. Stat. tit.

---

[2] For a discussion of unpublished cases in the Northern District of Oklahoma applying *McPhail*, see *Herndon v. American Commerce Insurance Company*, __ F. Supp. 2d __, No. 09-CV-96-TCK, 2009 WL 2588864, at * 3 (N.D. Okla. Aug. 19, 2009).

23, § 9.1(B)(2)). The general rule is that punitive damages may be considered in arriving at the total amount in controversy. *See Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1198 (N.D Okla. 2004). However, a defendant must offer more than a "conclusory statement" that punitive damages are sought under Oklahoma law and that such law authorizes recovery in excess of the jurisdictional amount. *See id.* at 1200*; see also Herndon*, __ F. Supp. 2d __, 2009 WL 2588864, at * 6 (collecting relevant Northern District of Oklahoma cases). In this case, the Removal Notice simply alleges that Plaintiff seeks an award of punitive damages and cites the possibility of a punitive damages award of $100,000. This type of conclusory assertion by Defendant does not allow the Court to attach any greater value to the punitive damages claim than that sought in Plaintiff's Petition.

Plaintiffs' Motion to Remand (Doc. 11) is GRANTED, and this matter is REMANDED to the District Court for Pawnee County, Oklahoma.

**SO ORDERED this 22nd day of October, 2009.**

_____
**TERENCE KERN**
**United States District Judge**